## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONUTTI SKELETAL INNOVATIONS, LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBUS MEDICAL INC.<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Bonutti Skeletal Innovations, LLC ("Bonutti Skeletal") hereby asserts claims of patent infringement against Globus Medical Inc. ("Globus Medical"), and alleges as follows:

### PARTIES

1.　　Bonutti Skeletal is a Delaware limited liability company having a place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.　　On information and belief, Globus Medical is a Delaware corporation with a principal place of business at 2560 General Armistead Avenue, Audubon, PA 19403.

### JURISDICTION AND VENUE

3.　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

4.　　This Court has personal jurisdiction over Globus Medical at least because Globus Medical's headquarters are located in this district in Audubon, PA, and because, on information and belief, Globus Medical engages in substantial and ongoing business in this district.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  Globus Medical's principal place of business is within this district, and the acts giving rise to Bonutti Skeletal's claims for patent infringement have occurred and continue to occur in this district.

## THE PATENTS-IN-SUIT

6.      U.S. Patent No. 6,099,531 ("the '531 patent"), entitled "Changing Relationship Between Bones," was duly and lawfully issued by the United States Patent and Trademark Office on August 8, 2000.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '531 patent including the rights to enforce and collect damages for all past, present and future infringements of the '531 patent.  A copy of the '531 patent is attached as **Exhibit A.**

7.      U.S. Patent No. 6,423,063 ("the '063 patent"), entitled "Changing Relationship Between Bones," was duly and lawfully issued by the United States Patent and Trademark Office on July 23, 2002.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '063 patent including the rights to enforce and collect damages for all past, present and future infringements of the '063 patent.  A copy of the '063 patent is attached as **Exhibit B.**

8.      U.S. Patent No. 8,486,066 ("the '066 patent"), entitled "Spacer," was duly and lawfully issued by the United States Patent and Trademark Office on July 16, 2013.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '066 patent including the rights to enforce and collect damages for all past, present and future infringements of the '066 patent.  A copy of the '066 patent is attached as **Exhibit C.**

9.      U.S. Patent No. 8,690,944 ("the '944 patent"), entitled "Wedge Apparatus for Use in Operating on a Bone," was duly and lawfully issued by the United States Patent and Trademark Office on April 8, 2014.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '944 patent including the rights to enforce and collect damages for all past, present and future infringements of the '944 patent.  A copy of the '944 patent is attached as **Exhibit D**.

10.     U.S. Patent No. 8,795,363 ("the '363 patent"), entitled "Wedge Apparatus for Use in Operating on a Bone," was duly and lawfully issued by the United States Patent and Trademark Office on August 5, 2014.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '363 patent including the rights to enforce and collect damages for all past, present and future infringements of the '363 patent.  A copy of the '363 patent is attached as **Exhibit E**.

11.     The '531 patent, '063 patent, '066 patent, '944 patent, and '363 patent are collectively referred to herein as the "Asserted Patents."

12.     Each of the Asserted Patents is valid and enforceable.

## BACKGROUND

13.     Dr. Peter M. Bonutti is an orthopedic surgeon that has performed over 20,000 orthopedic surgical procedures in his career.  In 1989, Dr. Bonutti founded The Bonutti Clinic in Effingham, Illinois, to bring world-class clinical care and orthopedic surgical expertise to a historically underserved area of the country.  Since 1989, The Bonutti Clinic has grown from three employees to more than 170 employees, including individuals who work at The Bonutti Clinic as well as those who serve the patient care businesses that have spun off from it.

14.     Because of Dr. Bonutti's expertise, insight, experience and research efforts, Dr. Bonutti is an inventor or co-inventor of over 150 U.S. patents, including each of the Asserted Patents.  The Asserted Patents generally relate to novel bone spacers and related novel surgical methods that Dr. Bonutti invented.

**FIRST CAUSE OF ACTION – INFRINGEMENT OF THE '531 PATENT**

15.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-14.

16.     On information and belief, Globus Medical, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe the '531 patent, literally and/or by equivalents.

17.     On information and belief, Globus Medical has infringed and continues to infringe the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, and/or importing infringing spinal spacers in this district, which infringing spinal spacers include at least the Globus Medical CALIBER-L and CONTINENTAL spinal spacers.

18.     On information and belief, Globus Medical has infringed and continues to infringe the '531 patent literally and/or by equivalents under 35 U.S.C. 271(a) by, among other things, employing, contracting with, or otherwise entering into an agency relationship with medical practitioners to perform medical procedures that infringe one or more of the method claims of the '531 patent, which medical procedures are performed using at least the following Globus Medical spinal spacer products:  CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL,   FORGE,   FORTIFY,   INDEPENDENCE,   INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN

MEDIUM, SUSTAIN-O, SUSTAIN SMALL, and/or TRANSCONTINENTAL.  By employing, contracting with, or otherwise entering into an agency relationship with a medical practitioner to perform a medical procedure that infringes the '531 patent, Globus Medical is vicariously liable as a direct infringer for that medical practitioner's infringing medical procedure.

19.     On information and belief, Globus Medical has induced the infringement of and continues to induce the infringement of the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

20.     On information and belief, Globus Medical obtained actual knowledge of the '531 patent no later than July 27, 2011, the date of an Information Disclosure Statement ("IDS") submitted to the United States Patent and Trademark Office in connection with the prosecution of Globus Medical's U.S. Patent App. No. 12/579,833, which IDS cited the '531 patent, and which IDS was submitted by Mehul R. Jani, a registered patent attorney employed by Globus Medical.  A true and correct copy of the July 27, 2011 IDS is attached hereto as **Exhibit F**.

21.     With actual or constructive knowledge of the '531 patent and with the specific intent to cause infringement of the '531 patent, Globus Medical encouraged and intended and continues to encourage and intend medical practitioners to perform surgical techniques using Globus Medical products in a manner that directly infringes the '531 patent.  Globus Medical's acts of encouragement include, among other acts, providing surgical technique guides and instruments for implanting spinal spacers in a patient in a manner that infringes the '531 patent. On information and belief, the spinal spacers for which Globus Medical has provided and continues to provide surgical technique guides and instruments for implanting spinal spacers in infringing procedures include at least the following Globus Medical spinal spacer products: CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY,

INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN-O, SUSTAIN SMALL, and TRANSCONTINENTAL.

22.     On information and belief, Globus Medical has proceeded in this manner despite its actual knowledge of the '531 patent as described above in paragraph 18.  At a minimum, Globus Medical would have to have taken deliberate actions to avoid confirming the high probability that medical practitioners have performed and continue to perform medical procedures to implant at least Globus Medical CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers according to the surgical technique guides provided by Globus Medical, which medical procedures constitute infringement of the '531 patent.  Thus, at a minimum, Globus Medical has been and continues to be willfully blind.

23.     On information and belief, Globus Medical has contributed to the infringement of and continues to contribute to the infringement of the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing the following Globus Medical spinal spacer products and related instruments:  CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL.

24.     On information and belief, at least the Globus Medical CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers and related instruments are used by medical practitioners to perform medical procedures that directly infringe the '531 patent, literally or under the doctrine of equivalents.

25.     On information and belief, at least the Globus Medical CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers and related instruments are key to practicing the methods claimed in the '531 patent and thus constitute a material part of the claimed inventions of the '531 patent.

26.     On information and belief, Globus Medical sells, offers for sale, and/or imports at least the Globus Medical CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers and related instruments with knowledge that they are especially made and/or especially adapted for performing medical procedures that infringe at least one claim of the '531 patent.  For example, as described above in paragraph 18, Globus Medical has had actual knowledge of the '531 patent since no later than July 27, 2011.

27.     On information and belief, at least the Globus Medical CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers and related instruments are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than in medical procedures that infringe at least one claim of the '531 patent.

28.     On information and belief, Globus Medical's manufacture, uses, sales, offers to sell, and/or importation of at least the CALIBER, CALIBER-L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers and related instruments occurred despite the objectively high likelihood that Globus Medical's actions constituted infringement of the '531 patent, which is valid and enforceable.

29.     On information and belief, the objectively high likelihood that Globus Medical's actions constituted infringement of the '531 patent was also either actually known by Globus Medical or so obvious that Globus Medical should have known prior to the filing date of this Complaint.  In particular, Globus Medical's recognition that the '531 patent was close enough to Globus Medical's U.S. Patent App. No. 12/579,833 as to merit disclosure to the United States Patent and Trademark Office indicates that Globus Medical actually knew it infringed the '531 patent as of July 27, 2011 or should have known it infringed the '531 patent as of July 27, 2011 because of the objectively high risk of infringement.

30.    On information and belief, at least as of July 27, 2011, Globus Medical's infringement of the '531 patent is and has been willful and deliberate, and, further, Globus Medical's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '531 patent.

## SECOND CAUSE OF ACTION – INFRINGEMENT OF THE '063 PATENT

31.    Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-30.

32.    On information and belief, Globus Medical has infringed and continues to infringe the '063 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, employing, contracting with, or otherwise entering into an agency relationship with medical practitioners to perform medical procedures that infringe one or more of the method claims of the '063 patent, which medical procedures are performed using at least the Globus Medical FORGE allograft spinal spacers.  By employing, contracting with, or otherwise entering into an agency relationship with a medical practitioner to perform a medical procedure that infringes the '063 patent, Globus Medical is vicariously liable as a direct infringer for that medical practitioner's infringing medical procedure.

33.    On information and belief, Globus Medical has induced the infringement of and continues to induce the infringement of the '063 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

34.    On information and belief, Globus Medical obtained actual knowledge of the '063 patent no later than the filing date of this Complaint.

35.    With actual or constructive knowledge of the '063 patent and with the specific intent to cause infringement of the '063 patent, Globus Medical encouraged and intended and

continues to encourage and intend medical practitioners to perform surgical techniques using Globus Medical products in a manner that directly infringes the '063 patent. Globus Medical's acts of encouragement include, among other acts, providing surgical technique guides and instruments for implanting spinal spacers in a patient in a manner that infringes the '063 patent. On information and belief, the spinal spacers for which Globus Medical has provided and continues to provide surgical technique guides and instruments for implanting spinal spacers in infringing procedures include at least the Globus Medical FORGE allograft spinal spacers.

36.     On information and belief, Globus Medical has proceeded in this manner despite its actual or constructive knowledge of the '063 patent. At a minimum, Globus Medical would have to have taken deliberate actions to avoid confirming the high probability that medical practitioners have performed and continue to perform medical procedures to implant Globus Medical FORGE spinal spacers according to the surgical technique guides provided by Globus Medical, which medical procedures constitute infringement of the '063 patent. Thus, at a minimum, Globus Medical has been and continues to be willfully blind.

37.     On information and belief, Globus Medical has contributed to the infringement of and continues to contribute to the infringement of the '063 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing at least the Globus Medical FORGE spinal spacers and related instruments and products.

38.     On information and belief, the Globus Medical FORGE spinal spacers and related instruments are used by medical practitioners to perform medical procedures that directly infringe the '063 patent, literally or under the doctrine of equivalents.

39.     On information and belief, the Globus Medical FORGE spinal spacers and related instruments are key to practicing the methods claimed in the '063 patent and thus constitute a material part of the claimed inventions of the '063 patent.

40.     On information and belief, Globus Medical sells, offers for sale, and/or imports at least the Globus Medical FORGE spinal spacers and related instruments with knowledge that they are especially made and/or especially adapted for performing medical procedures that infringe at least one claim of the '063 patent.  For example, Globus Medical obtained actual knowledge of the '063 patent no later than the filing date of this Complaint.

41.     On information and belief, the Globus Medical FORGE spinal spacers and related instruments and products are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than in medical procedures that infringe at least one claim of the '063 patent.

42.     On information and belief, Globus Medical's uses, sales, offers to sell, and/or importation of the FORGE spinal spacers and related instruments and products occurred despite the objectively high likelihood that Globus Medical's actions constituted infringement of the '063 patent, which is valid and enforceable.

43.     On information and belief, Globus Medical actually knew it infringed the '063 patent as of the filing date of this Complaint or should have known it infringed the '063 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

44.     Thus, Globus Medical's continued infringement after the filing of this Complaint constitutes willful and deliberate infringement of the '063 patent.

## THIRD CAUSE OF ACTION – INFRINGEMENT OF THE '066 PATENT

45.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-44.

46.     On information and belief, Globus Medical has infringed and continues to infringe the '066 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, offering for sale, selling, and/or importing infringing spinal spacers in this district, which infringing spinal spacers include at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products.

47.     On information and belief, Globus Medical has induced the infringement of and continues to induce the infringement of the '066 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

48.     On information and belief, Globus Medical obtained actual knowledge of the '066 patent no later than the filing date of this Complaint.

49.     With actual or constructive knowledge of the '066 patent and with the specific intent to cause infringement of the '066 patent, Globus Medical encouraged and intended and continues to encourage and intend medical practitioners to assemble and use Globus Medical products that directly infringe the '066 patent.  Globus Medical's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '066 patent.  On information and belief, the infringing spinal spacers for which Globus Medical has provided and continues to provide surgical technique guides and instruments include at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products.

50.     On information and belief, Globus Medical has proceeded in this manner despite its actual or constructive knowledge of the '066 patent.  At a minimum, Globus Medical would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the FORTIFY I PEEK and FORTIFY I-R spinal spacers constitutes infringement of the '066 patent, such that, at a minimum, Globus Medical has been and continues to be willfully blind.

51.     On information and belief, Globus Medical has contributed to the infringement of and continues to contribute to the infringement of the '066 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws.

52.     On information and belief, at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws are assembled by medical practitioners into apparatuses that directly infringe the '066 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '066 patent.

53.     On information and belief, at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws are key components of the apparatuses claimed in the '066 patent, and thus constitute a material part of the claimed inventions of the '066 patent.

54.     On information and belief, Globus Medical sells, offers for sale, and/or imports at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws with knowledge that they are especially made and/or especially adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '066

patent.  For example, Globus Medical obtained actual knowledge of the '066 patent no later than the filing date of this Complaint.

55.     On information and belief, at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '066 patent.

56.     On information and belief, Globus Medical's manufacture, sales, offers to sell, and/or importation of the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products occurred despite the objectively high likelihood that Globus Medical's actions constituted infringement of the '066 patent, which is valid and enforceable.

57.     On information and belief, Globus Medical actually knew it infringed the '066 patent as of the filing date of this Complaint or should have known it infringed the '066 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

58.     Thus, Globus Medical's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '066 patent.

**FOURTH CAUSE OF ACTION – INFRINGEMENT OF THE '944 PATENT**

59.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-58.

60.     On information and belief, Globus Medical has infringed and continues to infringe the '944 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, offering for sale, selling, and/or importing infringing spinal spacers in this district, which infringing spinal spacers include at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products.

61.     On information and belief, Globus Medical has induced the infringement of and continues to induce the infringement of the '944 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

62.     On information and belief, Globus Medical obtained actual knowledge of the '944 patent no later than the filing date of this Complaint.

63.     With actual or constructive knowledge of the '944 patent and with the specific intent to cause infringement of the '944 patent, Globus Medical encouraged and intended and continues to encourage and intend medical practitioners to assemble and use Globus Medical products that directly infringe the '944 patent.  Globus Medical's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '944 patent.  On information and belief, the infringing spinal spacers for which Globus Medical has provided and continues to provide surgical technique guides and instruments include at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products.

64.     On information and belief, Globus Medical has proceeded in this manner despite its actual or constructive knowledge of the '944 patent.  At a minimum, Globus Medical would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products constitutes infringement of the '944 patent, such that, at a minimum, Globus Medical has been and continues to be willfully blind.

65.     On information and belief, Globus Medical has contributed to the infringement of and continues to contribute to the infringement of the '944 patent literally and/or by equivalents

under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products.

66.     On information and belief, at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws are assembled by medical practitioners into apparatuses that directly infringe the '944 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '944 patent.

67.     On information and belief, at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws are key components of the apparatuses claimed in the '944 patent, and thus constitute a material part of the claimed inventions of the '944 patent.

68.     On information and belief, Globus Medical sells, offers for sale, and/or imports at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws with knowledge that they are especially made and/or especially adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '944 patent.  For example, Globus Medical obtained actual knowledge of the '944 patent no later than the filing date of this Complaint.

69.     On information and belief, at least the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer products and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '944 patent.

70.     On information and belief, Globus Medical's manufacture, sales, offers to sell, and/or importation of the Globus Medical FORTIFY I PEEK and FORTIFY I-R spinal spacer

products spinal spacers occurred despite the objectively high likelihood that Globus Medical's actions constituted infringement of the '944 patent, which is valid and enforceable.

71.     On information and belief, Globus Medical actually knew it infringed the '944 patent as of the filing date of this Complaint or should have known it infringed the '944 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

72.     Thus, Globus Medical's continued infringement after the filing of this Complaint constitutes willful and deliberate infringement of the '944 patent.

## FIFTH CAUSE OF ACTION – INFRINGEMENT OF THE '363 PATENT

73.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-72.

74.     On information and belief, Globus Medical has infringed and continues to infringe the '363 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, offering for sale, selling, and/or importing infringing spinal spacers in this district, which infringing spinal spacers include at least the Globus Medical COALITION and FORTIFY I-R spinal spacers.

75.     On information and belief, Globus Medical has induced the infringement of and continues to induce the infringement of the '363 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

76.     On information and belief, Globus Medical obtained actual knowledge of the '363 patent no later than the filing date of this Complaint.

77.     With actual or constructive knowledge of the '363 patent and with the specific intent to cause infringement of the '363 patent, Globus Medical encouraged and intended and continues to encourage and intend medical practitioners to assemble and use Globus Medical

products that directly infringe the '363 patent.  Globus Medical's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '363 patent.  On information and belief, the infringing spinal spacers for which Globus Medical has provided and continues to provide surgical technique guides and instruments include at least the following Globus Medical spinal spacer products: COALITION and FORTIFY I-R spinal spacers.

78.     On information and belief, Globus Medical has proceeded in this manner despite its actual or constructive knowledge of the '363 patent.  At a minimum, Globus Medical would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the COALITION and FORTIFY I-R spinal spacers constitutes infringement of the '363 patent, such that, at a minimum, Globus Medical has been and continues to be willfully blind.

79.     On information and belief, Globus Medical has contributed to the infringement of and continues to contribute to the infringement of the '363 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing the following Globus Medical spinal spacer products and related screws: COALITION and FORTIFY I-R.

80.     On information and belief, at least the COALITION and FORTIFY I-R spinal spacers and related screws are assembled by medical practitioners into apparatuses that directly infringe the '363 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '363 patent.

81.     On information and belief, at least the COALITION and FORTIFY I-R spinal spacers and related screws are key components of the apparatuses claimed in the '363 patent, and thus constitute a material part of the claimed inventions of the '363 patent.

82.     On information and belief, Globus Medical sells, offers for sale, and/or imports at least the Globus Medical COALITION and FORTIFY I-R spinal spacers and related screws with knowledge that they are especially made and/or especially adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '363 patent.   For example, Globus Medical obtained actual knowledge of the '363 patent no later than the filing date of this Complaint.

83.     On information and belief, at least the Globus Medical COALITION and FORTIFY I-R spinal spacers and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '363 patent.

84.     On information and belief, Globus Medical's manufacture, sales, offers to sell, and/or importation of the Globus Medical COALITION and FORTIFY I-R spinal spacers occurred despite the objectively high likelihood that Globus Medical's actions constituted infringement of the '363 patent, which is valid and enforceable.

85.     On information and belief, Globus Medical actually knew it infringed the '363 patent as of the filing date of this Complaint or should have known it infringed the '363 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

86.     Thus, Globus Medical's continued infringement after the filing of this Complaint constitutes willful and deliberate infringement of the '363 patent.

## PRAYER FOR RELIEF

WHEREFORE, Bonutti Skeletal respectfully requests that the Court enter judgment against Globus Medical:

A.      Determining that Globus Medical has infringed and continues to infringe one or more claims of each of the Asserted Patents;

B.      Preliminarily and permanently enjoining Globus Medical, its respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with it, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the Asserted Patents;

C.      Ordering Globus Medical to account for and pay to Bonutti Skeletal all damages suffered by Bonutti Skeletal as a consequence of Globus Medical's infringement of the Asserted Patents, together with all pre-judgment and post-judgment interest and costs as fixed by the Court;

D.      Trebling or otherwise increasing Bonutti Skeletal's damages under 35 U.S.C. § 284 on the grounds that Globus Medical's infringement of the Asserted Patents was deliberate and willful;

E.      Declaring that this case is exceptional and awarding Bonutti Skeletal its costs and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

F.      Granting Bonutti Skeletal such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Bonutti Skeletal hereby requests a trial by jury for all issues so triable.

Dated: November 19, 2014

Of Counsel:

John M. Desmarais
Laurie Stempler
Kevin K. McNish
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212)-351-3400
Facsimile: (212)-351-3401
jdesmarais@desmaraisllp.com
lstempler@desmaraisllp.com
kmcnish@desmaraisllp.com

Respectfully submitted,

FARNAN LLP

Brian E. Farnan (Bar No. 88844)
1125 Walnut Street
Philadelphia, PA 19107
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com

*Attorneys for Bonutti Skeletal Innovations LLC*