# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BONUTTI SKELETAL INNOVATIONS, LLC**

                **Plaintiff,**

**v.**

**GLOBUS MEDICAL, INC.**

                **Defendant.**

Civil Action No. 14-cv-6650-WB

**JURY TRIAL DEMANDED**

 

 

**MEMORANDUM OF LAW IN SUPPORT OF GLOBUS'S MOTION TO DISMISS CLAIMS OF INDIRECT, WILLFUL, AND JOINT INFRINGEMENT**

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION .................................................................................................... 1

BACKGROUND ...................................................................................................... 3

   A.   Bonutti Skeletal's Nationwide Litigation Campaign ........................................ 3

   B.   Plaintiff Does Not Plead Facts to Support Its Vicarious Liability Claims ........................ 4

   C.   Plaintiff Does Not Plead Facts to Support its Indirect Infringement Claims..................... 5

   D.   Plaintiff Alleges Pre-Suit Knowledge Only of '531 Patent ................................ 7

   E.   Plaintiff Does Not Plead Facts to Support its Willful Infringement Claims..................... 7

LEGAL STANDARD................................................................................................ 7

ARGUMENT .......................................................................................................... 9

I.   PLAINTIFF'S DIRECT METHOD CLAIMS IN COUNTS I AND II SHOULD BE DISMISSED .......................................................................................................9

   A.   Plaintiff Must Plead That Globus Directed or Controlled Direct Infringers ................... 10

   B.   Plaintiff Fails to Allege that Globus Directed or Controlled Others ............................... 11

II.   PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS IN EVERY COUNT SHOULD BE DISMISSED................................................................................................13

   A.   Plaintiff's Induced Infringement Claims Should Be Dismissed ..................................... 13

      1.   Inducement Requires Knowledge of Infringement and Specific Intent................... 13

      2.   Knowledge of Infringement and Specific Intent Not Adequately Pleaded.............. 15

   B.   Plaintiff's Contributory Infringement Claims Should Be Dismissed ............................. 17

      1.   Contributory Infringement Requires Knowledge and Intent ................................... 17

      2.   Knowledge and Intent Not Adequately Pleaded........................................................ 18

   C.   Pleadings Are Insufficient for Post-Suit Indirect Infringement Claims........................... 19

III.  PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS IN EVERY COUNT SHOULD BE
      DISMISSED ................................................................................................................. 21

    A.   Willfulness Claims in Counts 2-5 Deficient for Lack of Pre-Suit Knowledge ................. 21

    B.   All Willfulness Claims Should be Dismissed Given Threadbare Pleadings .................... 21

CONCLUSION ........................................................................................................................ 22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
  893 F. Supp.2d 680 (D. Del. 2012)................................................................. 12, 23

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012) ............................................................... 10

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009)............................................................................. 8, 9, 13

*Bell Atl. Corp.* v. *Twombly*,
  550 U.S. 544 (2007).................................................................................. 8

*BMC Resources, Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007) ............................................................... 10

*Bonutti Skeletal Innovations LLC v. Conformis, Inc.*,
  No. CV 12-1109-GMS, 2013 WL 6040377 (D. Del. Nov. 14, 2013) ................... 10, 11, 15, 19

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
  No. 12-1111-GMS, 2013 WL 6058472 (D. Del. Nov. 18, 2013)..................................... passim

*ClinMicro Immunology Ctr., LLC v. PrimeMed, P.C.*,
  No. 11-2213, 2013 WL 3776264 (M.D. Pa. July 17, 2013) ................................... 12

*Desenberg v. Google, Inc.*,
  392 Fed. Appx. 868 (Fed. Cir. 2010)........................................................ 12

*DSU Med Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................... 14, 15

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
  802 F. Supp. 2d 527 (D. Del. 2011)........................................................ 12

*Execware, LLC v. Staples, Inc.*,
  No. CIV.A. 11-836-LPS, 2012 WL 6138340 (D. Del. Dec. 10, 2012) ................... 22

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .................................................................. 9

iii

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fla. 2008) .................................................................. 13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) ............................................................................................ 14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ....................................................................... passim

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ............................................................................. 22

*In re Wellbutrin SR/Zyban Antitrust Litig.*,
    281 F. Supp. 2d 751 (E.D. Pa. 2003) ...................................................................... 4

*Lucent Techs. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ............................................................................. 18

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) ........................................................................ 9

*Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*,
    2011 WL 6122377 (E.D. Wis. Dec. 8, 2011) ........................................................ 18

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    No. 11-798-LPS, 2012 WL 4340653 (D. Del. Sept. 20, 2012) ......................... passim

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) ............................................................................. 11

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    2014 WL 4675316 (D. Del. Sept. 19, 2014) .......................................................... 17

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    No. CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ...................... 20

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    No. 11-902, 2012 WL 6044793 (D. Del. Nov. 13,2012) ............................. 14, 16, 19

*Senju Pharm. Co., Ltd v. Apotex, Inc.*,
    Civ. No. 12-159, 2013 WL 444928 (D. Del. Feb. 6, 2013) ...................................... 8

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
    647 F. Supp. 2d 323 (D. Del. 2009) ...................................................................... 15

*Stephenson v. Game Show Network*, LLC,
    933 F. Supp.2d 674 (D. Del. 2013) ........................................................................... 19

*Superior Indus., LLC* v. *Thor Global Enter. Ltd.,*
    700 F.3d 1287 (Fed. Cir. 2012) ......................................................................... 16, 19

*Tellabs, Inc.* v. *Makar Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ................................................................................................... 8

*Travel Sentry, Inc. v. Tropp,*
    Nos. 2011-1023, 2011-1367, 2012 WL 5382736 (Fed. Cir. Nov. 5, 2012) ............ 10

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    2012 WL 1831543 (N.D. Cal. May 18, 2012) ........................................................ 17

**Statutes**

35 U.S.C. § 271 ............................................................................................................ 10, 13

35 U.S.C. § 271(a) ............................................................................................................. 10

35 U.S.C. § 271(b) ............................................................................................................. 14

35 U.S.C. § 271(b)-(c) ...................................................................................................... 13

35 U.S.C. § 271(c) ............................................................................................................. 18

## <u>INTRODUCTION</u>

Plaintiff Bonutti Skeletal Innovations LLC ("Plaintiff" or "Bonutti Skeletal") is a non-practicing entity and frequent litigator.  The named inventor of each of the asserted patents is Dr. Peter Bonutti, who is a named inventor or co-inventor on over 150 issued patents.  (Amended Compl. ¶ 10.)  Dr. Bonutti is a knee and hip specialist.  His website lists 17 "licensed inventions" and all of them relate to knee and hip procedures.[1]  To the extent the preferred embodiments and drawings depict specific bones, they depict leg bones (as in figures 1 and 2 of the '066, '944, and '363 patents). But in this case, all of the accused products are "spinal spacers"; defendant Globus Medical, Inc. ("Globus"), a maker of spinal implants headquartered in Audubon, PA, does not make knee or hip devices, and none is accused in this case.

In this suit, Plaintiff alleges that Globus directly, indirectly, and jointly infringed unknown claims in patents that have 354 claims, and that its infringement was willful.  In doing so, however, Plaintiff recites nothing more than bare legal conclusions and general facts to support its claims for indirect, joint and willful infringement.  This isn't the first time Plaintiff has lodged unsupported claims against a company using these bare pleadings.  The six patents at issue have also been asserted against other defendants in the District of Massachusetts, in a complaint that relies largely on the ***same boilerplate allegations***.  In fact, over the last three years, Plaintiff has filed ***seven*** lawsuits across the country using most of the same boilerplate allegations.  As further discussed below, at least two of those complaints were ***dismissed*** without prejudice for the same pleading deficiencies that plague this complaint.

Plaintiff does not identify which of the 354 claims Globus allegedly infringed.  The only details provided in the complaint are the identity of the accused Globus products and a document

---

[1] http://bonutticlinic.com/physicians/bonutti.php

purportedly showing Globus's knowledge of ***one*** of the patents in 2011.  The allegations are insufficient to support many of the claims Plaintiff has lodged against Bonutti:

First, Plaintiff's claims for direct infringement of the method claims contained in Counts I and II should be dismissed because those claims necessarily rest on the theory that Globus—a device maker—directed or controlled the actions of doctors, but Plaintiff fails to put forth facts to support that implausible conclusion.  Prior courts have dismissed similar claims asserted by Plaintiff in the past.  *See Bonutti Skeletal Innovations LLC v. Conformis, Inc*., No. 12-1109, 2013 WL 6040377 (D. Del. 2013); *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-01111, 2013 WL 6058472 (D. Del. 2013).

Second, Plaintiff's claims for indirect infringement in each Count should be dismissed because Plaintiff pleads no facts to support Globus's purported knowledge that (a) its products infringed Plaintiff's patents, (b) its products were specifically intended to infringe, or (c) its products had no substantial non-infringing uses.  The same courts have dismissed similar claims filed by Plaintiff.

Finally, Plaintiff's claims for willful infringement in each Count should be dismissed because for every patent except one, Plaintiff fails to plead the required pre-suit knowledge of the patent.  Furthermore, all of the claims for willful infringement have zero factual support for the required element that there be an objectively high likelihood that Globus's products infringe.

The Supreme Court has made clear that the pleading rules are designed to ensure that a plaintiff has a plausible and substantive basis for its allegations, and to put the defendant on notice of those allegations.  Plaintiff's Amended Complaint does neither.  Globus respectfully

submits that Plaintiff's claims of direct infringement of the method claims, indirect infringement, and willful infringement should be dismissed.

For the Court's convenience, the following chart summarizes which claims Globus is seeking dismissal of:

|  | Direct Apparatus Claim | Direct Method Claim | Indirect Claims | Willfulness Claims |
|---|---|---|---|---|
| Count I ('531) | No | Yes | Yes | Yes |
| Count II ('063) | n/a | Yes | Yes | Yes |
| Count III ('385) | No | n/a | Yes | Yes |
| Count IV ('066) | No | n/a | Yes | Yes |
| Count V ('944) | No | n/a | Yes | Yes |
| Count VI ('363) | No | n/a | Yes | Yes |

## BACKGROUND

### A.    Bonutti Skeletal's Nationwide Litigation Campaign

On December 19, 2014, Plaintiff filed its First Amended Complaint accusing Globus of infringing six patents:  U.S. Patent Nos. 6,099,531 (the "'531 Patent"), 6,423,063 (the "'063 Patent"), 7,001,385 (the "'385 Patent"), 8,486,066 (the "'066 Patent"), 8,690,944 (the "'944 Patent"), and 8,795,363 (the "'363 Patent") (Dkt. No. 5 at ¶¶ 6-12 (the "Amended Complaint" or "Amend. Compl."))[2]  The six patents contain a total of 354 claims.  Amend. Compl. Exs. A – E. Plaintiff has not identified which of the 354 claims it accuses Globus of infringing, making it impossible for Globus to analyze Plaintiff's claims of infringement.

In Counts I and II of the Amended Complaint, Plaintiff seeks to hold Globus vicariously liable for the direct infringement of method claims of the '531 and '063 by unnamed

---

[2] A copy of the Amended Complaint, excluding exhibits, is attached as Exhibit 1. Unless otherwise noted, all references to ¶ numbers in this memorandum are to the Amended Complaint.

medical practitioners.   ¶¶ 19 & 33.   In each Count, Plaintiff accuses Globus of indirectly infringing each of the patents indirectly, under both contributory and induced infringement theories. *Id.* In addition, in every Count, Plaintiff asserts that Globus's alleged infringement of each of the patents-in-suit was "willful and deliberate." *See, e.g.*, ¶ 31.

Plaintiff recently filed another lawsuit against defendants in the District of Massachusetts, alleging infringement of the same patents-in-suit and using similar threadbare pleadings.[3]   In the last three years, Plaintiff filed seven lawsuits against seven other defendants accusing them of infringing other patents.[4]   Each of the six counts of the Amended Complaint in this case sets forth pre-packaged allegations similar to those asserted by Plaintiff in each of its other cases.

### B.      Plaintiff Does Not Plead Facts to Support Its Vicarious Liability Claims

In order to plead a claim for vicarious liability, Plaintiff must plead facts to support the assertion that Defendant controlled or directed another party to infringe the patent.  *See* § I(A) *infra*.   In the Amended Complaint, Plaintiff simply states "on information and belief" that Globus has infringed the method claims of the '531 and '063 patents by "employing, contracting with, or otherwise entering into an agency relationship with medical practitioners to perform procedures that infringe one or more of the method claims" of those patents.  ¶ 33.  Plaintiff's

---

[3] See Plaintiff's case against *Depuy Synthes Sales, Inc. et al.* (Civ. No. 14-14580) (D. Mass.), Dkt. 1 (asserting same patents). A copy of that complaint is attached as Exhibit 2.  Judicial notice may be taken of this and other Bonutti Skeletal complaints. *See, e.g.*, *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 755 (E.D. Pa. 2003) ("[M]atters of public record may also be considered without converting the motion to dismiss into a motion for summary judgment").

[4] *See* Plaintiff's cases against *Smith & Nephew, Inc.*, No. 12-01111 (D. Del.); *Arthrex, Inc.*, No. 12-01380 (M.D. Fla.), D.I. 6 ("Arthrex Compl."); *ConforMIS, Inc.*, No. 12-01109 (D. Del.), D.I. 1 ("ConforMIS Compl."); *DePuy Mitek LLC, et al.*, No. 12-11667 (D. Mass), D.I. 6 ("DePuy Compl."); *Linvatec Corp, et al.*, No. 12-01379 (M.D. Fla.) D.I. 27 ("Linvatec Compl."); *Wright Medical Group*, No. 12-01110 (D. Del.), D.I. 7 ("Wright Compl."); *Zimmer Holdings, Inc., et al.*, No. 12-01107 (D. Del.), D.I. 10 ("Zimmer Compl.").

4

*__only__* allegation on this score is that it "provide[s] surgical technique guides and instruments for implanting spinal spacers in a patient in a manner that infringes the" patents.  ¶ 36.

The complaint *__fails__* to say whom Globus has allegedly contracted with, how these parties acted as Plaintiff's agent, or what the relationship was between them. Indeed, Plaintiff does not even allege that Globus had any of these specific relationships with *__anyone__* – it merely alleges that Plaintiff "employ[ed], contract[ed] with, **or** otherwise enter[ed] into an agency relationship." ¶ 33 (emphasis added). The lack of any detail is significant here given that Plaintiff's allegation—that medical doctors nationwide, despite federal and state rules requiring them to act independently, are somehow controlled by Globus and act as its agents—is implausible on its face.  The only reason these allegations are made is so Plaintiff could charge Globus, which does not practice the methods itself, with direct infringement.

## C.     Plaintiff Does Not Plead Facts to Support its Indirect Infringement Claims

To support its claims of induced infringement, Plaintiff must plead facts that show that Globus knew of the infringement and possessed the specific intent to induce another's infringement.  *See* § II(A)(1) *infra*.  Likewise, to support its claims of contributory infringement, Plaintiff must plead facts that show that Globus knew that the combination for which its products were especially made was both patented and infringing and that it knew that its products were especially made or adapted for that infringing use.  *See* § II(B)(1) *infra*.

Plaintiff has not alleged facts to support the elements of knowledge of infringement, intent to induce, or knowledge that Globus's products were especially made or adapted for use in an infringing manner.  Indeed, the Amended Complaint includes nothing more than conclusory legal conclusions to this effect.  For each Count, Plaintiff asserts "on information and belief" that

5

"Globus Medical has induced the infringement of and continues to induce the infringement of the [patent-in-suit]." *Id.* ¶ 20.  Its only support for this conclusion are the statements that "Globus Medical encouraged and intended and continues to encourage and intend medical practitioners to perform surgical techniques using Globus Medical products in a manner that directly infringes the [patent-in-suit] (*e.g.,* ¶ 22), and that Globus has, *inter alia,* sold instruments designed for use with its products and distributed surgical technique guides and instructions to alleged direct infringers.  *See, e.g.,* ¶¶ 22-23.  With respect to contributory infringement, Plaintiff merely alleges that instruments distributed by Globus are "key to practicing the methods claimed in the [patent-in-suit]," especially adapted for performing infringing procedures, and are not staple articles of commerce suitable for a substantial non-infringing use "are specially designed to promote, encourage, and assist [direct infringers] in techniques that infringe [the patents]."  *See, e.g.,* ¶ 16-28.

These cut-and-paste allegations, which are substantially the same as those that Plaintiff has alleged against other Defendants,[5] fail to support a plausible inference that Globus knowingly induced infringement, had specific intent to induce infringement, knew that its products were patented and would infringe, or knew that its products were especially made to infringe.

---

[5] *See, e.g.,*  Zimmer Compl. ¶¶ 40-43, Wright Compl. ¶¶ 30-33, ConMed Compl. ¶¶ 28, 31, Arthrex Compl. ¶¶ 22, 23, ConforMIS Compl. ¶ 21, DePuy Compl. ¶¶ 40-44.

### D.      Plaintiff Alleges Pre-Suit Knowledge Only of '531 Patent

In order to support its claims that Globus indirectly and willfully infringed the patents-in-suit, Plaintiff must plead facts that show that Globus had knowledge of those specific patents. *See* § III(A) *infra.*  The Amended Complaint includes **<u>only</u>** an allegation that Globus purportedly had actual knowledge of **<u>one of the six patents at issue</u>**—the '531 patent— "no later than July 21, 2011," when it filed an Information Disclosure Statement that listed the '531 patent along with 60 other patents.  ¶ 21; Amend. Compl. Ex. F.  For the remainder of the patents-in-suit, Plaintiff solely alleges that Globus obtained actual knowledge of the rest of the patents-in-suit "no later than the filing of this complaint." ¶¶ 35, 48, 62, 76, 90.

### E.      Plaintiff Does Not Plead Facts to Support its Willful Infringement Claims

To plead willful infringement, Plaintiff must allege facts that not only show that Globus had subjective knowledge of the patents-in-suit, but also that Globus acted despite an objectively high likelihood that its actions constituted infringement.  *See* § III *infra.*  Plaintiff does not do so. Instead, like its other claims, Plaintiff merely recites pre-packaged legal conclusions that Defendant knew or should have known of the objectively high likelihood that Globus's actions constituted infringement of a valid patent *(e.g., id.* at ¶ 30) and that Globus's "infringement of the [patents-in-suit] is and has been willful and deliberate."  *E.g.,* ¶ 31.  This language is copied wholesale from Plaintiff's complaints against other defendants.[6]

### <u>LEGAL STANDARD</u>

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[6] *See, e.g.,* Zimmer Compl. ¶¶ 45-46, Wright Compl. ¶¶ 35-36, DePuy Compl. ¶ 45.

*Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007); *Senju Pharm. Co., Ltd v. Apotex, Inc.,* Civ. No. 12-159, 2013 WL 444928, at *2 (D. Del. Feb. 6, 2013). The pleading requirements for indirect infringement, and for direct infringement through an agent, must meet the *Twombly* standards. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (indirect infringement); *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-1111-GMS, 2013 WL 6058472, at *1 (D. Del. Nov. 18, 2013) (agency pleading for direct infringement).

The Supreme Court has described a two-pronged approach to determine the sufficiency of the claims. First, the court must separate factual and legal allegations, accepting the well-pleaded facts as true and disregarding legal conclusions. *See Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly,* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citation omitted)). Second, the court must determine whether the facts alleged state a plausible claim by providing factual support for each element of the claim. *See Iqbal,* 556 U.S. at 679. A plaintiff does not plead a plausible claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," and a complaint that "pleads facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Id.* at 678, 679 (internal quotation omitted).

8

If the plaintiff does not meet this pleading standard, its claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Iqbal,* 556 U.S. at 678 (the rules of civil procedure "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) ("After *Iqbal,* it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."); *see also Mallinckrodt Inc.* v. *E-Z-EM Inc.,* 670 F. Supp. 2d 349, 354-55 (D. Del. 2009) (dismissing allegations of indirect infringement where plaintiff did not set forth any basis for required elements of the claims).

## ARGUMENT

## I.   PLAINTIFF'S DIRECT METHOD CLAIMS IN COUNTS I AND II SHOULD BE DISMISSED

For every method claim in Counts I and II,[7] Plaintiff alleges that unnamed "medical practitioners" performed the steps of the method claims and that Globus is liable for their direct infringement because Globus directed or controlled that activity. *E.g.,* ¶ 19.[8]  Plaintiff offers no

---

[7] The '385 patent asserted in Count III also has method claims, but Bonutti does not allege direct infringement of those method claims.  The patents asserted in Counts IV through VI do not have method claims.

[8] Plaintiff does not, and cannot, allege that Globus itself infringed any method claims for the simple reason that, as the '531 and '063 patents state, the patented methods are for "Changing Relationship Between Bones," and Globus is a supplier of medical products, not a medical practitioner that changes the relationship between bones in patients.  *Cf. Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, No. CV 12-1109-GMS, 2013 WL 6040377, at *2 (D. Del. Nov. 14, 2013) ("In the instant case, Bonutti clearly asserts a joint infringement theory [for the method claims]. Indeed, Bonutti must assert joint infringement because, as the '896 patent states, the '896 patent is for "[a]n improved method of performing surgery on a joint in a patient's body, such as a knee...." There is no indication that ConforMIS performs surgery on patients." (citations added).

facts to support these allegations, and at least two of its prior complaints alleging similar claims have been dismissed for the same reason.

### A.    Plaintiff Must Plead That Globus Directed or Controlled Direct Infringers

A party may be liable for direct infringement under 35 U.S.C. § 271(a) if it performs each and every step of a claimed method or process.  It also may be liable for direct infringement committed by another person if it does not perform the steps itself, but exercises "control or direction" over the performance of each claimed step, such that every step is attributable to it. *See Travel Sentry, Inc. v. Tropp,* Nos. 2011-1023, 2011-1367, 2012 WL 5382736, at *6 (Fed. Cir. Nov. 5, 2012) (citing *BMC Resources, Inc. v. Paymentech, L.P.,* 498 F.3d 1373 (Fed. Cir. 2007), <u>overruled on other grounds</u> by *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 692 F.3d 1301, 1306, 1309 (Fed. Cir. 2012)).

Plaintiff's vicarious claim for direct infringement of the method claims requires it to plead facts from which a Court can infer that the defendant "directs or controls" the third party's conduct.  *See e.g.*, *Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, No. CV 12-1109-GMS, 2013 WL 6040377, at *2 (D. Del. Nov. 14, 2013) ("only if the complaint ***pleads facts*** from which the court can infer that ***[defendant] directs or controls the surgeons' performance*** of the '896 patent's method can Bonutti's direct infringement claim survive.").  "'Direction or control' requires that there be an agency relationship between the alleged infringers or the equivalent." *Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, No. CV 12-1109-GMS, 2013 WL 6040377, at *2 (D. Del. Nov. 14, 2013). The "control or direction" standard is "satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method."

10

*Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008).

###### B.     Plaintiff Fails to Allege that Globus Directed or Controlled Others

Plaintiff has done nothing more than use the words "agency," "direct and control" and "vicarious liability" in its Amended Complaint to describe any claim for vicarious direct infringement.   It has not even alleged that Globus directed or controlled any other directly infringing party; much less offered any facts to support that conclusion.    While it makes the conclusory allegation that Globus "employ[ed], contract[ed] with, or otherwise enter[ed] into an agency relationship" with medical practitioners that directly infringed, Plaintiff fails to plead a single fact in support of those allegations.  ***Two prior complaints by Plaintiff were dismissed for this same reason,*** yet Plaintiff has not altered its pleading strategy:

> There are no allegations in the complaint that can form the basis of a reasonable inference that ConforMIS so directed or controlled the surgeons' performance of the '896 patent's steps that an agency relationship can be deemed to have existed. Thus, Bonutti's direct infringement claim must be dismissed.

*Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, No. 12-1109, 2013 WL 6040377 (D. Del. 2013).

> Bonutti's complaint is entirely devoid of allegations sufficient to establish its joint infringement claim. Bonutti provides no allegations at all regarding the relationship between Smith and its customers, and whether this relationship is such that the customers' infringement may properly be imputed to Smith. Thus, Bonutti's joint infringement claim must be dismissed.

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-01111, 2013 WL 6058472 (D. Del. 2013).

The bare use of the word "agency" or "vicariously liable" in a laundry list of types of infringement is not sufficient to give fair notice of Plaintiff's purported claim of vicarious direct infringement.   Accordingly, Plaintiff's joint infringement claims must be dismissed.  *See, e.g.,*

11

*Desenberg v. Google, Inc.,* 392 Fed. Appx. 868, 871-72 (Fed. Cir. 2010) (affirming dismissal where plaintiff failed to allege defendant acted as "mastermind" controlling or directing actions of third party users); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. 2011) (dismissing joint infringement claim where "plaintiff's complaint does not provide specific facts explaining any alleged relationships among defendants"); *see also Aeritas, LLC v. Alaska Air Group, Inc.*, 893 F. Supp. 2d 680, 686 (D. Del. 2012) (granting motion to dismiss plaintiff's joint infringement claim because "[t]he use of the phrase, '[t]o the extent that Defendant is jointly infringing . . . it is the mastermind of the infringement' simply sets forth a proposition, not facts . . . ." (citations omitted)); *cf. ClinMicro Immunology Ctr., LLC v. PrimeMed, P.C.*, No. 11-2213, 2013 WL 3776264, at *9 (M.D. Pa. July 17, 2013) (dismissing pleading in non-patent case because agency allegations were inadequate, noting that plaintiff "does not allege the essential element of an agency relationship that it was to be in control of the parties' undertaking" (quotation marks omitted)). At most, Plaintiff pleads that Globus supplies products to medical practitioners, and instructs medical practitioners how to use its products, but that is a far cry from pleading that Plaintiff ***directed or controlled*** the medical practitioner's conduct. The *Global Patent* Court explained the distinction well:

> The initial step of the '341 patent calls for action on the part of the remote computer user. Plaintiff claims that this action is "controlled" by Defendant because Defendant puts Javascript programs on the remote user's computer to allow the process to begin. Nevertheless, the Court does not believe this "control" is sufficient "direction or control" over the remote computer user. Plaintiff has, in no way, alleged that remote users are contractually bound to visit the website, it has not alleged that the remote users are Defendant's agents who visit the website within the scope of their agency relationship nor has it alleged any facts which would render Defendant otherwise vicariously liable for the acts of the remote user. Using Plaintiff's analogy, Defendant may give home users the keys to the truck, but home users have no obligation to use those keys to start the truck and drive away.

12

*Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) *aff'd,* 318 F. App'x 908 (Fed. Cir. 2009).   Because there are no facts to support the allegation of vicarious liability, all direct infringement claims for the method claims should be dismissed.

## II.   PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS IN EVERY COUNT SHOULD BE DISMISSED

In each Count, Plaintiff alleges that Globus indirectly infringes the patent-in-suit by inducing and contributing to infringement by others. As above, Plaintiff's pleadings are defective because they only recite the elements of the causes of action, and give no factual support for them. *See Iqbal* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### A.   Plaintiff's Induced Infringement Claims Should Be Dismissed

Under 35 U.S.C. § 271, a party may be liable for patent infringement directly or indirectly.   Indirect infringement occurs when an actor either induces another to commit infringement or contributes to that infringement.  *See* 35 U.S.C. § 271(b)-(c).  Plaintiff fails to plead any specific facts to support multiple elements of its claims of induced and contributory infringement, including:  (1) the element of knowledge of infringement for all its indirect claims; (2) the element of intent to induce infringement for its induced infringement claims; and (3) the element of knowledge that a product was especially made to infringe for its contributory infringement claims.

#### 1.   Inducement Requires Knowledge of Infringement and Specific Intent

To establish a claim for induced infringement under 35 U.S.C. § 271(b), the patentee must prove "first, that there has been direct infringement, and second, that the alleged indirect

13

infringer had 'knowledge that the induced acts constitute patent infringement.'" *Pragmatus AV, LLC v. Yahoo! Inc.,* No. 11-902, 2012 WL 6044793, at *13 (D. Del. Nov. 13,2012) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011)). Inducement requires that the alleged infringer ***knowingly induced infringement*** and possessed ***specific intent to encourage another's infringement.*** *DSU Med Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). Thus, to survive a motion to dismiss, the complaint must contain facts plausibly showing that an alleged inducer knew that the direct infringers' acts constituted infringement and specifically intended the direct infringers to infringe. *See In re Bill of Lading Transmission* & *Processing Syst. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012). A plaintiff must therefore plead: (1) the defendant knew of the patent; (2) the defendant knew or should have known that its actions would induce a third party to directly infringe the patents-in-suit; (3) the defendant specifically intended to encourage this third-party infringement; and (4) as a result, a third party directly infringed the patents-in-suit. *See MONEC Holding AG v. Motorola Mobility, Inc.,* No. 11-798-LPS, 2012 WL 4340653, at *4 (D. Del. Sept. 20, 2012) (Stark, J., adopting report and recommendations of Fallon, MJ); *SRI Int'l, Inc.* v. *Internet Sec. Sys., Inc.,* 647 F. Supp. 2d 323, 335 (D. Del. 2009). Simply alleging knowledge of infringement is insufficient. *See DSU Med Corp.,* 471 F.3d at 1306 ("[I]nducement requires ***evidence of culpable conduct, directed to encouraging another's infringement,*** not merely that the inducer had knowledge of the direct infringer's activities.").

14

### 2. Knowledge of Infringement and Specific Intent Not Adequately Pleaded

Plaintiff's complaint is deficient for the same reasons that prior Bonutti Skeletal complaints have been found deficient: Plaintiff has not provided any facts from which one could infer that defendant knew the patents infringed or specifically intended that they infringe.

> Allegations that [Defendant] knew of Bonutti's patents and of its customers' use of [Defendant's] products ***do not suffice*** to establish that [Defendant] also ***knew that its customers' use of [Defendant's] own products would amount to infringement of Bonutti's patents***. . . . Furthermore, these allegations do not establish that [Defendant] ***intended that its customers infringe*** Bonutti's patents by using [Defendant's] products. Consequently, Bonutti's induced infringement claim against [Defendant] must be dismissed.

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-1111-GMS, 2013 WL 6058472, at *2 (D. Del. Nov. 18, 2013) (emphasis added); *accord Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, No. 12-1109-GMS, 2013 WL 6040377, at *2 (D. Del. Nov. 14, 2013) ("Bonutti does not set out any facts at all that would permit the court to infer that either of those two elements [of knowledge of infringement and specific intent] is established."). Bonutti Skeletal follows the same threadbare pleading strategy here, and its indirect claims should be dismissed for the same reasons.

The Amended Complaint does not contain a single fact that supports the elements of knowledge of infringement, let alone specific intent to induce infringement. Rather, all that Plaintiff alleges is that Globus (a) knew about one of Plaintiff's patents pre-suit; (b) made products and instruments that allegedly infringe the patents-in-suit; and (c) provided instructions to surgeons and physicians on how to use them in an allegedly infringing manner. These facts, on their own, are simply not sufficient to support claims that Globus ***knew*** that use of its products would infringe the patents-in-suit, or that Globus ***intended*** to induce that infringement.

15

*See, e.g., MONEC,* 2012 WL 4340653, at *8 (dismissing induced infringement claims and finding that "[a]llegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that defendants possessed the specific intent to encourage another's infringement"); *see also Superior Indus., LLC* v. *Thor Global Enter. Ltd.,* 700 F.3d 1287, 1296 (Fed. Cir. 2012) (dismissing indirect infringement claims for failure to plead facts supporting intent or knowledge of infringement).

Indeed, Plaintiff has not provided a single allegation that shows that it gave Globus notice of how its products purportedly infringe the patents, let alone that independent of any such notice Globus developed knowledge that it infringed the patents, and then intended to induce others to infringe them.  As the court held in *Pragmatus AV, LLC v. Yahoo! Inc.,* 2012 WL 6044793, at * 15, the "lack of any factual content alleged regarding the substance of [an alleged pre-suit] notice provides the Court with no basis to infer that Defendant . . . could have specifically intended for its users to continue infringing the patents."  *See id.* (recommending dismissal of induced infringement claims for failure to plead knowledge of infringement and intent to infringe where plaintiff failed to plead that defendant was given notice of how its accused products purportedly infringed or facts showing how defendant induced its users to use its product in that infringing manner).

Bonutti Skeletal's barebones pleading of "willful blindness" does not rescue the inducement claims because Bonutti Skeletal again fails to allege any particular facts to support this element, including any affirmative actions taken by Globus to avoid knowledge of infringement. *See, e.g., MONEC Holding AG v. Motorola Mobility, Inc.,* 897 F. Supp. 2d 225, 230 (D. Del. 2012) (collecting cases) (dismissing willful blindness theory and explaining that

16

"To state a claim for willful blindness, a plaintiff must plead facts demonstrating that the defendant "(1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact." (quotation marks omitted)); *accord Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, 2014 WL 4675316, at *5 (D. Del. Sept. 19, 2014) (report and recommendation) ("Plaintiff also does not adequately allege facts sufficient to show that Kapsch was willfully blind to the possibility that its actions induced infringement. To plead willful blindness, a plaintiff must identify affirmative actions taken by the defendant to avoid gaining knowledge of the patents-in-suit or of acts that constituted patent infringement."); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012) (rejecting willful blindness argument where the plaintiff "neglected to identify any affirmative actions taken by [the defendant] to avoid gaining actual knowledge of the [patent-in-suit]"); *see also Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*, 2011 WL 6122377, at *7 n. 3 (E.D. Wis. Dec. 8, 2011) (concluding on summary judgment that willful blindness did not apply because there was no evidence that the defendant deliberately shielded itself from clear evidence that the acts it induced constituted patent infringement).

### B.   Plaintiff's Contributory Infringement Claims Should Be Dismissed

#### 1.   Contributory Infringement Requires Knowledge and Intent

To establish a claim for contributory infringement under 35 U.S.C. § 271(c), the patentee must plead that the alleged infringer sold, offered to sell, or imported into the United States a "component" of an infringing product, ***knowing*** it "to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."   35 U.S.C. § 271(c); *see also Lucent Techs. v.*

*Gateway, Inc.,* 580 F.3d 1301, 1320 (Fed. Cir. 2009).  This requires pleading:  (1) the defendant had knowledge of the patent; (2) that the component is "especially made or especially adapted for use in an infringement of [a] patent;" (3) the defendant knew that the component was "especially made or especially adapted for use in an infringement of [a] patent;" (4) the component is "not a staple article or commodity of commerce suitable for substantial noninfringing uses;" and (5) as a result, a third party directly infringed the patents-in-suit.  *See* 35 U.S.C. § 271(c).  To satisfy prongs (3) and (4) of this pleading requirement, Plaintiff must plead that Globus knew that the combination for which its components were especially made was both patented and infringing, and that those components have no substantial non-infringing use.  *See id.; In re Bill of Lading,* 681 F.3d at 1337-38.

### 2.  Knowledge and Intent Not Adequately Pleaded

As with Plaintiff's claims for induced infringement, Plaintiff has not alleged a single fact that would support an inference that Globus ***knew*** that any of its products were both patented and infringing, or ***knew*** that its products were especially made for that infringing purpose. Plaintiff has also not alleged any fact supporting the inference that the products had no substantial non-infringing uses.  Once again, Plaintiff's complaint is deficient in this regard for many of the same reasons that prior Bonutti Skeletal complaints have been found deficient. *See Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-1111-GMS, 2013 WL 6058472, at *2 (D. Del. Nov. 18, 2013) ("Bonutti ***does*** not . . . allege any intent on Smith's part for its customers to infringe Bonutti's patents. Furthermore, Bonutti fails to allege that Smith's products have no other substantial noninfringing uses. These ***deficiencies are fatal to Bonutti's contributory infringement claims***." (emphasis added)); *Bonutti Skeletal Innovations LLC v. Conformis, Inc.*,

18

No. 12-1109-GMS, 2013 WL 6040377, at *2 (D. Del. Nov. 14, 2013) (dismissing contributory infringement claim, explaining: "Bonutti also alleges that ConforMIS had and continues to have knowledge of the '896 patent. Bonutti does not, however, allege any specific intent . . .").

Absent any such specific factual allegations, Plaintiff's claims for contributory infringement are insufficient and should be dismissed.  *See, e.g., Stephenson v. Game Show Network*, LLC, 933 F. Supp. 2d 674, 681 (D. Del. 2013) (dismissing plaintiffs contributory infringement claim because "plaintiff does not offer any argument or facts directed to show that defendants 'knew that the combination for which [their] component was especially designed was both patented and infringing' or that the components 'have no substantial non-infringing uses.' ") *Superior Indus.,* 700 F.3d at 1296 (dismissing contributory infringement claims for failure to plead facts supporting knowledge of infringement or intent); *Yahoo!,* 2012 WL 6044793, at *16 (dismissing contributory infringement claims for failure to plead facts supporting defendant's alleged knowledge that its products were especially made or adapted for use in an infringing manner); *see also Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-1111-GMS, 2013 WL 6058472, at *2 (D. Del. Nov. 18, 2013) ("[I]n order to state a claim for contributory infringement, the plaintiff must 'plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses'" (quoting *In Re Bill of Lading,* 681 F.3d at 1337)).

### C.    Pleadings Are Insufficient for Post-Suit Indirect Infringement Claims

Just as pre-suit knowledge of the <u>patent</u> does not constitute pre-suit knowledge of <u>infringement</u>, so post-filing knowledge of the <u>patent</u> does not support post-suit knowledge of <u>infringement</u>, unless the complaint explains to the patent holder how the use of its products

infringe the patents. *See MONEC*, 897 F. Supp. 2d at 235 (D. Del. 2012) (while complaint alleged post-suit knowledge, it failed to support a claim of indirect infringement because it "*fail[ed] to supply any factual allegations that would convert the post-suit knowledge [of the patent] into a plausible allegation of knowledge of the infringing use*" (emphasis added)); *accord Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *5 (D. Del. Sept. 19, 2014) (report and recommendation) ("As to post-suit knowledge, the result is no different. Although the Accused Products were identified in the Complaint and in the FAC, neither document sets out factual allegations regarding how these products are said to infringe the Asserted Patents when utilized by the respective alleged direct infringers. *If there are insufficient allegations in the FAC of pre-suit knowledge of infringement, nothing in the pleadings gave Kapsch any additional post-suit notice as to this element*.") (emphasis added); *See Versata Software, Inc.,* 2014 WL 631517, at *3–4 (recommending dismissal of induced infringement claims where complaint did not "plausibly assert[ ][d]efendant's [post-suit] knowledge that the end users' acts constituted infringement of the patents-in-suit" because though a plaintiff need not "provide a detailed, step-by-step description of the alleged infringement in the complaint, this Court has required some identification of how it is that use of the accused product infringes the patent, in order to plausibly assert that the indirect infringer knew that the downstream use of its products constitutes patent infringement"); *see also Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12–1111–GMS, 2013 WL 6058472, at *1 n.5 (D. Del. Nov. 18, 2013) ("Allegations that [defendant] knew of [plaintiff's] patents and of its customers' use of [defendant's] products

20

do not suffice to establish that [defendant] also knew that its customers' use of [defendant's] own products would amount to infringement of [plaintiff's] patents.").

The failure of this complaint to give any details regarding the alleged infringement is especially fatal to its post-inducement claims given its failure to state which of the ***over 350 claims*** Globus is alleged to infringe.  *Cf. In re Bill of Lading,* 681 F.3d at 1342 (Fed. Cir. 2012) (while plaintiffs normally need not identify which claims they plead to satisfy Form 18 for direct infringement, "[i]n some circumstances, failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss.").

## III.   PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS IN EVERY COUNT SHOULD BE DISMISSED

### A.    Willfulness Claims in Counts 2-5 Deficient for Lack of Pre-Suit Knowledge

As described above, Plaintiff does not plead any facts that would support pre-suit knowledge of any patent other than the '531 patent, nor does Plaintiff even allege pre-suit knowledge of those patents.  Yet pre-suit knowledge of the patent is required for willfulness.  *See In re Seagate Tech, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").  For this simple reason, the willfulness claims in Counts 2-6 should be dismissed.  *See*, *e.g.*, *MONEC,* 2012 WL 4340653, at * 10 (dismissing claims for willful infringement for failure to allege pre-suit knowledge).

### B.    All Willfulness Claims Should be Dismissed Given Threadbare Pleadings

Further, Plaintiff has offered nothing more than a bare legal conclusion for all of the willfulness claims and therefore has not "ple[d] facts giving rise to at least a showing of

objective recklessness of the infringement risk." *See id* at *9-10 (dismissing claim for willful infringement for pleading insufficient facts where plaintiff merely asserted that defendants infringed "willfully and wantonly ... in deliberate disregard of [plaintiffs] rights"); *see also Aeritas, LLC v. Alaska Air Grp., Inc.,* Civ. No. 11-967-SLR, 2012 WL 4470386, at *4 (D. Del. Sept. 28, 2012) (dismissing willful infringement claims where only supporting facts were an allegation of pre-suit knowledge that lacked good faith basis and for failure to plead objective recklessness because "the burden to prove willful infringement includes more than mere knowledge of the patent").

## <u>CONCLUSION</u>

For the foregoing reasons, Globus respectfully submits that Plaintiff's claims of direct infringement of the method claims in counts I and II, and its claims of indirect and willful infringement, are deficient and that Globus's motion to dismiss these claims should be granted.

WEIR & PARTNERS, LLP

By:     s/ Jeffrey S. Cianciulli
        Jeffrey S. Chiaciulli, Esquire
        Susan Verbonitz, Esquire
        Suite 500, The Widener Building
        1339 Chestnut Street
        Philadelphia, PA 19107
        (215) 665-8181
        Fax: (215) 665-8464
        jcianciulli@weirpartners.com
        sverbonitz@weirpartners.com

        SUSMAN GODFREY L.L.P.
        Jacob Buchdahl, Esquire
        Arun Subramanian, Esquire

22

Seth Ard, Esquire
560 Lexington Avenue, 15th Floor
New York, New York, 10022
(212) 336-8330
jbuchdahl@susmangodfrey.com
asubramanian@susmangodfrey.com
sard@susmangodfrey.com

*Attorneys for Global Medical, Inc.*

Date:  February  23, 2015